BRAD A. MOKRI, SBN: 208213
LAW OFFICES OF MOKRI & ASSOCIATES
19200 Von Karman Avenue, Suite 600
Irvine, California 92612
Telephone No.: (714) 619-9395
Facsimile No.: (888) 342-1406

Attorney for Defendants/Cross-complainant:
MUSTAFA AMIN, JUNAID AMIN, and 4X4 MOTORS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

DOWNEY HYUNDAI, INC., a California corporation,

      Plaintiff,

  vs.

MUSTAFA AMIN, an individual, JUNAID AMIN, an individual; HARVEY M. HARPER CO. d/b/a/ HARPER MOTORS, a California corporation; DWWCT LLC d/b/a CLAREMONT TOYOTA, a California limited liability company; SMART MOTIVE INC., a California corporation; 4X4 MOTORS, INC., a California corporation; OREMOR OF RIVERSIDE, LLC d/b/a BMW OF RIVERSIDE, a California limited liability company; BB AUTO LLC, a California limited liability company; CPN KAR-DOGS AUTO EXCHANGE, LLC, a California limited liability company; WHOLESALE LUXURY AUTOS LLC, a California limited liability company; JACKSON'S MOTORS, INC. a California corporation, and DOES 1 through 10, inclusive,

      Defendants.

Case No.: 5:25-CV-00357-MRA-DTBx
*Unlimited Jurisdiction*
Hon. Monica Ramirez Almadani
Courtroom

**MUSTAFA AMIN'S CROSS-COMPLAINT FOR:**

1. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**
2. **HARASSMENT / HOSTILE WORK ENVIRONMENT (FEHA);**
3. **FAILURE TO PAY WAGES AND COMMISSIONS (LAB. CODE §§ 200–204, 221, 223, 203);**
4. **FAILURE TO PROVIDE MEAL AND REST BREAKS (LAB. CODE §§ 226.7, 512);**
5. **VIOLATION OF CALIFORNIA LABOR CODE (INCLUDING § 203);**
6. **RETALIATION (LABOR CODE § 1102.5; FEHA § 12940(H); FLSA § 215); AND**
7. **VIOLATION OF THE FAIR LABOR STANDARDS ACT (FLSA)**
8. **UNFAIR BUSINESS PRACTICES**
9. **FAILURE TO REIMBURSE EXPENSES**

---

**CROSS-COMPLAINANT MUSTAFA AMIN'S CROSS-COMPLAINT**
**- 1**

MUSTAFA AMIN, an individual, )
)
            Cross-complainant, )
)
  vs. )
)
)
DOWNEY HYUNDAI, INC., a California )
corporation, RAJAN MALHOTRA, an )
individual, and ROES 1 through 50, inclusive, )
)
          Cross-defendants. )
)

**TO THE ABOVE-ENTITLED COURT, AND TO ALL PARTIES, AND THEIR ATTORNEYS OF RECORD IF ANY:**

COMES NOW, Cross-Complainant MUSTAFA AMIN (hereinafter "AMIN" or "Cross-complainant"), and allege the following against Cross-Defendants DOWNEY HYUNDAI, INC. (hereinafter "DOWNEY"), and RAJAN MALHOTRA (hereinafter "MALHOTRA") (collectively referred to as "Cross-Defendants"), and ROES 1 to 50, inclusive.

## PARTIES

1.     Cross-complainant alleges that he is an individual and former employee of the used car operation conducted by Cross-Defendants, and at all relevant times was a resident of the State of California.

2.     Cross-complainant alleges that Cross-Defendant DOWNEY is, and at all relevant times, a California corporation doing business in the County of Los Angeles, operating a car dealership where AMIN was employed as a Used Car Manager. DOWNEY was AMIN's employer for purposes of California and federal employment law.

3.     Cross-complainant alleges that Cross-Defendant MALHOTRA is, and at all relevant times was, an individual residing in California and the owner, managing agent, officer, or high-level supervisor of DOWNEY. MALHOTRA

exercised direct control over AMIN's job duties, compensation structure, break periods, discipline, and ultimate termination.

4.    Cross-complainant alleges that Cross-Defendant MALHOTRA acted on behalf of and in the interest of DOWNEY with respect to AMIN's employment. Accordingly, MALHOTRA and DOWNEY are jointly and severally liable to Cross-complainant as joint employers.

5.    Cross-complainant alleges that at all times relevant to this action, Cross-Defendants acted as joint employers, sharing control over AMIN's working conditions, supervising his performance, and determining compensation and discipline, including the manipulation of commissions, denial of breaks, and termination.

6.    Cross-complainant alleges that he is ignorant of the identity and capacity of ROE defendants 1 through 50, inclusive, whether individuals, corporations, partnerships or otherwise, and as such are fictitious names of defendants whose true names are, at this time, unknown to Cross-complainant. Cross-complainant is informed, believes, and thereon alleges that each of said fictitiously named Cross-defendants contributed to the damages herein alleged and Cross-complainant will name such defendants when their identities have been ascertained.

7.    Cross-complainant alleges that the ROE Cross-defendants in this action committed the same or similar acts alleged as the named defendants in these alleged causes of action. Therefore, all acts alleged to have been committed by the named Cross-defendants are also alleged to have been committed by the ROE Cross-defendants.

8.    Cross-complainant alleges that at all times relevant hereto, each of the Cross-defendants was the agent, servant, employee, partner, aider and abettor, contractor, subcontractor, co-conspirator and/or joint ventures of each of the remaining Cross-defendants named herein and were at all times operating and

acting within the purpose, course and scope of said agency, service, employment, partnership, conspiracy, contract, alter ego and/or joint venture, and with the permission and consent of their co-defendants. Each Cross-defendant has rendered substantial assistance and encouragement to the other Cross-defendants, knowing that their conduct was wrongful and/or unlawful, and each Cross-defendant has ratified and approved the acts of each of the remaining Cross-defendants.

## VENUE AND JURISDICTION

9.     Cross-complainant alleges that this Court has jurisdiction over the state law claims pursuant to *28 U.S.C.* § 1367(a) because those claims are so related to Plaintiff's federal claims that they form part of the same case or controversy.

10.     Cross-complainant alleges that Federal courts in this Circuit have consistently upheld jurisdiction over *Labor Code* §§ 200–204, 221, 223 claims when brought alongside other claims.

11.     Cross-complainant alleges that venue is proper under 28 *U.S.C.* § 1391(b) as all relevant events occurred in this district.

## BACKGROUND FACTS

12.     Cross-complainant alleges that he was employed by DOWNEY, as a Used Car Manager.

13.     Cross-complainant alleges that during his employment, AMIN reported directly to and was supervised by MALHOTRA, who was at all relevant times the owner, managing agent, and decisionmaker for DOWNEY. MALHOTRA exercised direct control over AMIN's daily responsibilities, compensation, schedule, and ultimate termination.

14.     Cross-complainant alleges that Cross-Defendants jointly acted as AMIN's employers within the meaning of federal and state law. Together, they determined AMIN's rate of pay, employment conditions, and were responsible for his wrongful termination and labor code violations.

---

**CROSS-COMPLAINANT MUSTAFA AMIN'S CROSS-COMPLAINT**
- 4

15.     Cross-complainant alleges that AMIN's job duties include sourcing used vehicles for purchase, negotiating prices, managing inventory, overseeing wholesale vehicle transactions and coordinating dealership sales.

16.     Cross-complainant alleges that as a material term of employment, Cross-Defendants promised AMIN 8% commission on the net profits of vehicles he purchased or sold on behalf of the dealership.

17.     Cross-complainant alleges that despite this agreement, Cross-Defendants willfully and systematically underreported vehicle profits by manipulating internal expense records, artificially inflating transaction costs, and rerouting revenue classifications in dealership records. The purpose and effect of this conduct was to reduce AMIN's commission and deprive him of earned income.

18.     Cross-complainant alleges that AMIN frequently worked over 10 hours per day, often arriving before the dealership opened and leaving well after closing hours. Cross-Defendants failed to provide legally required meal and rest breaks, nor did they offer compensation or premium pay for missed breaks, in violation of *Labor Code* §§ 226.7 and 512.

19.     Cross-complainant alleges that throughout his employment, Amin was regularly subjected to a hostile and abusive work environment, primarily driven by MALHOTRA. MALHOTRA would routinely shout profanities including repeated use of the "F-word" in front of staff and customers, creating a toxic and demeaning atmosphere.

20.     Cross-complainant alleges that he raised concerns regarding the above-mentioned violation.

21.     Cross-complainant alleges that rather than investigating or remedy these violations, Cross-Defendants retaliated against AMIN and terminated him. by terminating his employment.

/ / /

---

**CROSS-COMPLAINANT MUSTAFA AMIN'S CROSS-COMPLAINT**

22.     Cross-complainant alleges that at the time of his termination, Cross-Defendants failed to pay AMIN all earned wages and commissions, instead falsely asserting that no further compensation was due. As a result, AMIN is entitled to waiting time penalties under *Labor Code* § 203.

23.     Cross-complainant alleges that AMIN timely filed a complaint with the California Civil Rights Department (formerly DFEH) and has fully exhausted his administrative remedies. He was issued a Right to Sue Letter prior to filing this Cross-complaint.

## FIRST CAUSE OF ACTION
## FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
## (AGAINST ALL CROSS-DEFENDANTS)

24.     Cross-complainant incorporates by reference each and every allegation contained in paragraphs 1 to 23 of this Cross-Complaint as though herein fully set forth.

25.     Cross-complainant alleges that at all relevant times, AMIN was employed by DOWNEY, and supervised and controlled by MALHOTRA, who acted on behalf of the company and was personally involved in decisions concerning AMIN's compensation, job duties, working conditions, and termination.

26.     Cross-complainant alleges that AMIN's employment was terminated in retaliation for his opposition to and complaints about unlawful conducts of Cross-defendants.

27.     Cross-complainant alleges that his termination violated the fundamental public policies of the State of California, including but not limited to those embodied in:

- *Labor Code* §§ 1102.5, 226.7, 512, 203, and 1198;
- *Government Code* § 12940(h) (FEHA anti-retaliation provision), and

/ / /

---

**CROSS-COMPLAINANT MUSTAFA AMIN'S CROSS-COMPLAINT**

- 6

- California's overarching public interest in protecting workers who oppose illegal or unethical employer practices.

28.     Cross-complainant alleges that he was terminated because of his refusal to engage in, or opposition to, unlawful conduct, and that this constitutes a cause of action for wrongful termination in violation of public policy.

29.     Cross-complainant alleges that his termination was retaliatory, malicious, and in direct contravention of public policy, causing him to suffer lost income, emotional distress, reputational harm, and other general and special damages.

30.     Cross-complainant alleges that as a proximate result of Cross-Defendants' conduct, AMIN is entitled to recover compensatory damages, including lost wages, benefits, emotional distress damages, and other economic and non-economic damages in an amount according to proof at trial.

31.     Cross-complainant alleges that the acts of Cross-Defendants were carried out with malice, fraud, and oppression, thereby justifying the imposition of punitive damages pursuant to *California Civil Code* § 3294.

## SECOND CAUSE OF ACTION
## FOR HARASSMENT / HOSTILE WORK ENVIRONMENT (FEHA)
## (AGAINST ALL CROSS-DEFENDANTS)

32.     Cross-complainant incorporates by reference each and every allegation contained in paragraphs 1 to 31 of this Cross-Complaint as though herein fully set forth.

33.     Cross-complainant alleges that during his employment with DOWNEY, AMIN was subjected to severe and pervasive harassment by his supervisor, MALHOTRA, who regularly used profane, aggressive, and demeaning language in the workplace. This conduct included frequent yelling, humiliation in front of staff and customers, and repeated use of expletives, including the "F-word," directed at or in the presence of AMIN.

34.    Cross-complainant alleges that MALHOTRA's conduct created a hostile, intimidating, and offensive work environment, which unreasonably interfered with AMIN's ability to perform his job duties and had a detrimental effect on his emotional well-being and professional standing.

35.    Cross-complainant alleges that Cross-Defendants' actions constitute harassment in violation of the Fair Employment and Housing Act (FEHA), specifically *Government Code* § 12940(j), which prohibits an employer or agent from harassing any employee and from failing to take immediate and appropriate corrective action.

36.    Cross-complainant alleges that while discovery may reveal that the harassment was motivated in part by AMIN's race, ethnicity, or national origin — thereby strengthening his protections under 42 *U.S.C.* §1981 — the conduct alleged is independently actionable under FEHA as it was sufficiently severe or pervasive to alter the terms and conditions of AMIN's employment.

37.    Cross-complainant alleges that AMIN repeatedly complained about the abusive treatment but Cross-Defendants failed to investigate, intervene, or take any corrective action, thereby ratifying and perpetuating the harassment.

38.    Cross-complainant alleges  that as a direct and proximate result of the harassment, AMIN suffered significant emotional distress, humiliation, anxiety, loss of professional reputation, and other general and special damages in an amount to be proven at trial.

39.    Cross-complainant alleges that the harassing conduct was committed and condoned by managing agents of the employer, including MALHOTRA, thereby exposing Cross-Defendants to punitive damages under *Civil Code* § 3294, which authorize such relief where the employer acted with malice or reckless disregard for federally protected rights.

/ / /

/ / /

# THIRD CAUSE OF ACTION

## FOR FAILURE TO PAY WAGES AND COMMISSIONS (LAB. CODE §§ 200–204, 221, 223, 203)

## (AGAINST ALL CROSS-DEFENDANTS)

40.     Cross-complainant incorporates by reference each and every allegation contained in paragraphs 1 to 39 of this Cross-Complaint as though herein fully set forth.

41.     Cross-complainant alleges that as a material term of his employment with DOWNEY, AMIN was promised and entitled to receive 8% commission on the net profits from vehicles that he personally purchased, sold, or wholesaled on behalf of the dealership.

42.     Cross-complainant alleges that throughout the course of his employment, AMIN performed all required duties and generated substantial profit for the dealership. However, Cross-Defendants willfully and fraudulently underreported vehicle profits, artificially inflated expenses, and manipulated transaction costs to deprive AMIN of his earned commissions.

43.     Cross-complainant alleges that these actions constitute unlawful withholding of wages in violation of *Labor Code* § 200 et seq., which defines wages to include commissions; and *Labor Code* §§ 221 and 223, which prohibit unlawful deductions and paying wages at a rate less than agreed by secretly altering the basis of calculation.

44.     Cross-complainant alleges that at the time of AMIN's termination, Cross-Defendants willfully failed to pay him all earned and unpaid commissions, in violation of *Labor Code* §§ 201 and 202, thereby triggering waiting time penalties under *Labor Code* § 203.

45.     Cross-complainant alleges that as a result, AMIN is entitled to up to 30 days of additional wages at his regular daily rate of pay for each day the unpaid wages remained outstanding, as well as interest and attorneys' fees.

46.     Cross-complainant alleges that the conduct of Cross-Defendants was knowing, deliberate, and undertaken with the intent to deny AMIN rightful compensation. Said conduct was carried out with oppression, fraud, and malice, entitled AMIN to statutory penalties, interest, and attorneys' fees under *Labor Code* §§ 203, 218.5, and 1194.

47.     Cross-complainant alleges  that AMIN has been damaged in an amount to be proven at trial, including all unpaid wages and commissions, statutory waiting time penalties, interest, and legal fees.

### FOURTH CAUSE OF ACTION
### FOR FAILURE TO PROVIDE MEAL AND REST BREAKS (LAB. CODE §§ 226.7, 512)
### (AGAINST ALL CROSS-DEFENDANTS)

48.     Cross-complainant incorporates by reference each and every allegation contained in paragraphs 1 to 47 of this Cross-Complaint as though herein fully set forth.

49.     Cross-complainant alleges that during the entirety of his employment with DOWNEY, AMIN regularly worked shifts in excess of eight (8) to ten (10) hours per day. Despite this, Cross-Defendants failed to provide him with legally mandated off-duty meal periods and rest breaks as required by the *California Labor Code* and applicable Industrial Welfare Commission (IWC) Wage Orders.

50.     Cross-complainant alleges that specifically, AMIN was neither afforded an uninterrupted 30-minute meal break for every 5 hours worked, nor permitted to take legally mandated 10-minute rest breaks for every 4 hours worked, in violation of *Labor Code* §§ 226.7 and 512.

51.     Cross-complainant alleges that Cross-Defendants failed to maintain any policy, practice, or enforcement mechanism to ensure compliance with California's break laws, and actively discouraged AMIN from stepping away from his duties. In some instances, he was the sole manager on site and was required to

remain on call at all times, making rest or meal breaks impossible.

52.    Cross-complainant alleges that as a result of these violations, AMIN is entitled to one additional hour of pay for each workday in which a legally compliant meal or rest break was not provided, pursuant to *Labor Code* § 226.7(c).

53.    Cross-complainant alleges that these violations were willful and systematic. AMIN frequently voiced concerns about the lack of rest and meal periods, but Cross-Defendants failed to take corrective action or provide back pay.

54.    Cross-complainant alleges that AMIN seeks recovery of premium wages for each day a meal or rest break was denied, as well as interest, attorneys' fees, and costs as provided under applicable law.

## FIFTH CAUSE OF ACTION
## FOR VIOLATION OF CALIFORNIA LABOR CODE (INCLUDING § 203) (AGAINST ALL CROSS-DEFENDANTS)

55.    Cross-complainant incorporates by reference each and every allegation contained in paragraphs 1 to 54 of this Cross-Complaint as though herein fully set forth.

56.    Cross-complainant alleges that during the course of his employment, Cross-Defendants engaged in multiple, knowing violations of the *California Labor Code*, including but not limited to the failure to:

- Pay earned wages and commissions in full and on time;
- Refrain from unlawful deductions from wages;
- Provide accurate, itemized wage statements;
- Comply with recordkeeping obligations and access requirements;
- Pay all final wages upon separation from employment; and
- Compensate for missed meal and rest breaks.

57.    Cross-complainant alleges that these violations include, without limitation, breaches of the following statutory provisions:

- *Labor Code* §§ 201–203 – for failure to timely pay all earned wages at

termination, triggering waiting time penalties;

- *Labor Code* § 204 – for untimely payment of wages during employment;
- *Labor Code* § 221 – for unlawful recoupment or deduction of wages;
- *Labor Code* § 223 – for secretly underpaying agreed wages or commissions;
- *Labor Code* § 226 – for failure to provide accurate, itemized wage statements;
- *Labor Code* § 1194 – for failure to pay lawful wages including premium pay; and
- *Labor Code* § 1198.5 – for failing to permit access to employment records.

.        Cross-complainant alleges that the acts and omissions of Cross-Defendants were willful, knowing, and carried out with the intent to deprive AMIN of wages and statutory protections guaranteed under California law.

58.    Cross-complainant alleges that as a direct and proximate result of these violations, AMIN is entitled to:

- Full payment of all unpaid wages and commissions;
- Waiting time penalties under *Labor Code* § 203;
- Statutory penalties under *Labor Code* §§ 226 and 1198.5;
- Interest at the legal rate; and
- Attorneys' fees and costs pursuant to *Labor Code* §§ 218.5 and 1

59.    Cross-complainant alleges that AMIN reserves the right to seek additional relief under the Private Attorneys General Act (PAGA), and to amend this pleading as discovery reveals further violations of California wage and hour laws.

/ / /

/ / /

# SIXTH CAUSE OF ACTION

## FOR RETALIATION (LABOR CODE § 1102.5; FEHA § 12940(H); FLSA § 215)

## (AGAINST ALL CROSS-DEFENDANTS)

60.    Cross-complainant incorporates by reference each and every allegation contained in paragraphs 1 62 to of this Cross-Complaint as though herein fully set forth.

61.    Cross-complainant alleges that during the course of his employment with DOWNEY, AMIN engaged in protected activity by objecting to the company's systematic manipulation of expenses used to deprive him of agreed commissions and other illegal conduct by Cross-defendants and hostile and abusive behavior.

62.    Cross-complainant alleges that these complaints were made directly to AMIN's supervisor, MALHOTRA, who held managerial authority and acted on behalf of DOWNEY.

63.    Cross-complainant alleges that instead of investigating or addressing the issues raised, Cross-Defendants retaliated against AMIN by terminating his employment. The termination occurred shortly after and because of AMIN's protected complaints.

64.    Cross-complainant alleges that this conduct constitutes unlawful retaliation in violation of *Labor Code* § 1102.5(b), which prohibits retaliation against employees who report or refuse to participate in illegal practices, violation of *Government Code* § 12940(h) (FEHA), which prohibits retaliation against an employee who opposes practices forbidden under FEHA, including harassment, and violation 29 *U.S.C.* § 215(a)(3), the Fair Labor Standards Act, which prohibits employers from discharging or discriminating against any employee who complains about violations of wage and hour laws.

65.    Cross-complainant alleges that Cross-Defendants were aware of

AMIN's complaints, and the close temporal proximity between his complaints and the adverse employment action, support a strong inference of retaliation.

66.    Cross-complainant alleges that as a direct and proximate result of Cross-Defendants' retaliatory actions, AMIN suffered significant damages, including lost income and benefits, emotional distress, reputational harm, and other economic and non-economic injuries.

67.    Cross-complainant alleges that the retaliation was carried out intentionally, maliciously, and with reckless disregard for AMIN's rights, entitling him to punitive damages under *Civil Code* § 3294, in addition to compensatory and statutory relief.

68.    Cross-complainant alleges that AMIN also seeks reinstatement or front pay (if applicable), attorneys' fees, interest, and all other remedies permitted by law.

## SEVENTH CAUSE OF ACTION
## FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT (FLSA)
## (AGAINST ALL CROSS-DEFENDANTS)

69.    Cross-complainant incorporates by reference each and every allegation contained in paragraphs 1 to 68 of this Cross-Complaint as though herein fully set forth.

70.    Cross-complainant alleges that at all relevant times, Cross-Defendants were "employers" of AMIN within the meaning of the *Fair Labor Standards Act* ("FLSA"), 29 *U.S.C.* § 203(d), and AMIN was an employee entitled to the protections of the FLSA.

71.    Cross-complainant alleges that AMIN regularly worked in excess of forty (40) hours per week, including frequent 10-hour shifts, but Cross-Defendants failed to properly compensate him at the legally required overtime rate of time-and-a-half for hours worked over forty per week, in violation of 29 *U.S.C.* § 207(a).

72.    Cross-complainant alleges that AMIN was also not provided with any rest or meal breaks, and his work hours were not adjusted or compensated accordingly. Cross-Defendants failed to keep accurate records of hours worked, in violation of 29 *U.S.C.* § 211(c) and relevant Department of Labor regulations.

73.    Cross-complainant alleges that AMIN complained about these labor violations to his employer, including unlawful wage practices. Shortly after these complaints, AMIN was terminated in retaliation, in violation of 29 *U.S.C.* § 215(a)(3), which prohibits retaliating against an employee for asserting rights protected by the FLSA.

74.    Cross-complainant alleges that as a result of these violations, Cross-Defendants are liable to AMIN for unpaid wages, liquidated damages in an amount equal to the unpaid compensation as provided under 29 *U.S.C.* § 216(b), and reasonable attorneys' fees and costs of suit; and pre- and post-judgment interest.

77.    Cross-complainant alleges that the violations were willful, and Cross-Defendants acted in reckless disregard of AMIN's rights under the FLSA, triggering the three-year statute of limitations under 29 *U.S.C.* § 255(a) and further entitling AMIN to enhanced statutory relief.

## EIGHT CAUSE OF ACTION
## FOR VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §17200
## (AGAINST ALL CROSS-DEFENDANTS)

78.    Cross-complainant incorporates by reference each and every allegation contained in paragraphs 1 to 77 of this Cross-Complaint as though herein fully set forth.

79.    By violating the aforementioned statutes and regulations, the acts of Cross-Defendants constitute unfair and unlawful business practices under California Business & Professions Code §17200, et seq.

80.    Cross-Defendant's violations of California wage and hour laws

---

**CROSS-COMPLAINANT MUSTAFA AMIN'S CROSS-COMPLAINT**

constitute a business practice because they were committed repeatedly over a significant period of time and in a systematic manner to the detriment of Plaintiff.

81.    Cross-Defendants' violations of California's laws regarding maintaining records constitute a business practice because they were committed repeatedly over a significant period of time and in a systematic manner to the detriment of Plaintiff.

82.    Cross-complainant has suffered damages and request damages and/or restitution of all monies and profits to be disgorged from Cross-Defendants in an amount according to proof at time of trial.

## NINTH CAUSE OF ACTION
## FAILURE TO INDEMNIFY PLAINTIFF FOR EXPENSES IN VIOLATION OF CAL. LABOR CODE § 2802
## (AGAINST ALL CROSS-DEFENDANTS)

83.    Cross-complainant incorporates by reference each and every allegation contained in paragraphs 1 to 82 of this Cross-Complaint as though herein fully set forth.

84.    At all times mentioned herein Cal. Labor Code § 2802 was in full force and effect and was binding on Cross-Defendants.

85.    Cal. Labor Code § 2802(a) states: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

86.    "All awards made by a court or by the Division of Labor Standards Enforcement for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss." *Id.* at 2802(b).

87.    "For purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section." *Id.* at 2802(c).

89.    As set forth herein, Cross-complainant was a victim of Cross-Defendants' violations of California Labor Code section 2802.

90.    Cross-complainant was a victim of Cross-Defendants said violation in at least one pay period during Cross-Complainant's employment with Cross-Defendants.

91.    "Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation." Cal. Labor Code § 558.1(a).

92.    Cross-complainant is informed and believes and thereon alleges that California Labor Code section 2802 was caused to be violated by Cross-Defendant.

93.    As a proximate result of Cross-Defendants' failure to indemnify Cross-complainant, pursuant to the provisions of California Labor Code section 2802, Cross-Complainant suffered losses in earnings, and other employment benefits along with other incidental and consequential damages and losses, all in an amount to be proven at trial.

94.    As a proximate result of Cross-Defendants failure to indemnify Cross-complainant, pursuant to the provisions of Cal. Labor Code § 2802, Cross-complainant has been forced to hire attorneys to prosecute Plaintiff's claims herein and has incurred and will continue to incur attorney's fees and costs in connection therewith.

95.    Cross-complainant prays that the Court award Cross-complainant reimbursement of all necessary expenditures and/or losses, including costs incurred

discharging Cross-complainant's duties for Cross-defendants with interest thereon, reasonable attorneys' fees and other costs incurred enforcing Plaintiff's rights granted by California Labor Code section 2802.

## DEMAND FOR JURY TRIAL

Cross-complainant hereby requests that trial in this matter be by jury.

## PRAYER FOR RELIEF

WHEREFORE, Cross-Complainant MUSTAFA AMIN respectfully prays for judgment against Cross-Defendants DOWNEY HYUNDAI, INC. and RAJAN MALHOTRA, jointly and severally, as follows, and Roes 1 through 50, inclusive, as follows:

1. For general damages according to proof, including for emotional distress, reputational harm, and loss of employment-related benefits;

2. For special damages, including but not limited to lost wages, unpaid commissions, overtime compensation, and denied break premiums;

3. For waiting time penalties,

4. For statutory penalties pursuant to *Labor Code* §§ 226, 1198.5, and other applicable provisions;

5. For liquidated damages as provided under 29 *U.S.C.* § 216(b) for violations of the *Fair Labor Standards Act* (FLSA);

6. For interest on all amounts due, both pre- and post-judgment, at the maximum rate allowed by law;

7. For treble damages,

8. For reasonable attorneys' fees and costs of suit incurred herein,

9. For punitive and exemplary damages based on Defendants' willful, malicious, and oppressive conduct;

10. For reimbursement of unpaid business related expenses, and

11. For such other and further legal and equitable relief as the Court deems just and proper.

*Respectfully Submitted,*
**Law Offices of Mokri & Associates**

Dated: May 26, 2025          By:    ___/S/ BRAD A. MOKRI_____.

Brad A. Mokri, Esq.
Attorney for Defendants,
MUSTAFA AMIN, JUNAID AMIN, and
4X4 MOTORS, INC.

# CERTIFICATE OF SERVICE

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 19200 Von Karman Ave., Suite 600, Irvine, California 92612; my electronic service address is gmokri@mokrilaw.com.

On May 26, 2025, I served the foregoing document(s) described as **MUSTAFA AMIN'S CROSS-COMPLAINT** on the interested parties in this action by placing a true **(x) copy (   ) original** thereof enclosed in a sealed envelope addressed as follows:

## PLEASE SEE ATTACHED FOR SERVICE LIST

_____ **BY U.S. MAIL**

_____ **BY OVERNITE EXPRESS**

_____ **ELECTRONIC MAIL TRANSMISSION**- I caused the document to be send to the persons the e-mail address(es) listed on the service list.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication what the transmission was unsuccessful.  Based on court order or an agreement between all Parties to accept service via E-mail, a pdf copy of which was sent via email.

_____ I deposited such envelope(s), with postage thereon fully prepaid in the mail.

_____ I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it is deposited with the U.S. Postal Services on that same day with postage thereon fully prepaid, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal collection date or postage meter date is more than one day after date of deposit for mailing in affidavit.

__√__ **BY ELECTRONIC SERVICE TRANSMISSION _(VIA CM/ECF)-_** I am familiar with the United States District Court /Central District of California's practice for collecting and processing electronic filings.  Under that practice, documents are electronically filed with the court.  The Court's **CM/ECF** system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned Judge, and any registered users in the case.  The NEF will constitute service of the document.  Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.  Under said practice , the following CM/ECF users were served.

_____ **BY ELECTRONIC SERVICE VIA E-FILING WEBSITE:** A true and correct copy of the above-referenced document(s) was electronically served on counsel of record by means of uploading the document to One Legal Court Filing website portal in accordance with the Court's Order.

_____ **BY PERSONAL SERVICE** - I delivered such envelope(s), by hand to the offices of the addressee(s).

_____ **BY FACSIMILE** - I caused such copy to be facsimiled to the person(s) set forth above.  The facsimile machine I used complied with California Rules of Court, Rule 2003 and no error was reported by the machine. Pursuant to California Rules of Court, 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

_____ **(State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

__√__ **(Federal)** I declare that I am employed in the office of a member of the bar of this court at Whose Direction the services is made.

Executed on: May 26, 2025, at Irvine, California.

_____*/S/ Gissou Mokri*_____.
Gissou Mokri

---

**CROSS-COMPLAINANT MUSTAFA AMIN'S CROSS-COMPLAINT**
**- 20**

## CERTIFICATE OF SERVICE LIST

| **Attorneys for Plaintiff:**<br>**Downey Hyundai, Inc.**<br><br>Joseph M. Preis, Esq.<br>Joshua R. Mino, Esq.<br>Benjamin G. Reynolds, Esq.<br>GODES & PREIS, LLP<br>300 Spectrum Center Drive, Suite 1420<br>Irvine, California 92618<br>Telephone: 949 468 0051<br>Fascimile: 949 872 2281 | **Firm Emails:**<br><br>Joseph M. Preis, Esq.<br>jpreis@gaplegal.com<br><br>Joshua R. Mino, Esq.<br>jmino@gaplegal.com<br><br>Benjamin G. Reynolds, Esq.<br>breynolds@gaplegal.com |
|---|---|
| **Attorneys for Defendants:**<br>**Oremor of Riverside dba BMW of Riverside, LLC**<br>**and Harvey M. Harper Co.**<br><br>Gary H. Prudian, Esq.<br>Kimberly L. Phan, Esq.<br>MANNING, LEAVER, BRUDER,<br>& BERBERICH, LLP<br>801 S. Figueroa Street, Suite 1150<br>Los Angeles, CA 90017<br>Tel: (323) 937-4730<br>Fax: (323) 937-6727 | **Firm Emails:**<br><br>Gary H. Prudian, Esq.<br>gprudian@manningleaver.com<br><br>Kimberly L. Phan, Esq.<br>Kimberly.phan@squirepb.com |
| **Attorneys for Smart Motive Inc.**<br><br>Haroon Manjlai, Esq.<br>KHAN & MANJLAI, LLP<br>9431 Haven Ave, Suite 100<br>Rancho Cucamonga, CA 91730<br>Tel: (626) 262-4012 | **Firm Emails:**<br><br>Haroon Manjlai, Esq.<br>**hm@manjlailaw.com** |
| **Attorneys for DWWCT LLC**<br><br>David T. Ward, Esq.<br>HALLSTROM, KLEIN & WARD, LLP<br>15615 Alton Pkwy., Suite 175, Irvine,<br>California 92618<br>Tel: (949) 450-8500 | **Firm Emails:**<br>David T, Ward, Esq.<br>David@dtwlawoffice.com |