BRAD A. MOKRI, SBN: 208213
LAW OFFICES OF MOKRI & ASSOCIATES
19200 Von Karman Avenue, Suite 600
Irvine, California 92612
Telephone No.: (714) 619-9395
Facsimile No.: (888) 342-1406

Attorney for Defendants:
MUSTAFA AMIN, JUNAID AMIN, and 4X4 MOTORS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOWNEY HYUNDAI, INC., a California corporation, <br><br>          Plaintiff, <br><br>     vs. <br><br> MUSTAFA AMIN, an individual, JUNAID AMIN, an individual; HARVEY M. HARPER CO. d/b/a/ HARPER MOTORS, a California corporation; DWWCT LLC d/b/a CLAREMONT TOYOTA, a California limited liability company; SMART MOTIVE INC., a California corporation; 4X4 MOTORS, INC., a California corporation; OREMOR OF RIVERSIDE, LLC d/b/a BMW OF RIVERSIDE, a California limited liability company; BB AUTO LLC, a California limited liability company; CPN KAR-DOGS AUTO | Case No.: 5:25-cv-00357-MRA-DTB <br><br><br> **DEFENDANTS MUSTAFA AMIN, JUNAID AMIN, AND 4X4 MOTORS, INC.'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT** |

EXCHANGE, LLC, a California limited liability company; WHOLESALE LUXURY AUTOS LLC, a California limited liability company; JACKSON'S MOTORS, INC. a California corporation, and DOES 1 through 10, inclusive,

                    Defendants.

_____

MUSTAFA AMIN, an individual,

                    Cross-complainant,

     vs.

DOWNEY HYUNDAI, INC., a California corporation, RAJAN MALHOTRA, an individual, and ROES 1 through 50, inclusive,

                    Cross-defendants.

_____

COMES NOW Defendants MUSTAFA AMIN, JUNAID AMIN, and 4X4 MOTORS INC. (collectively referred to as "Defendants"), hereby responds to the Third Amended Complaint (hereinafter referred to as Complaint) of Plaintiff DOWNEY HYUNDAI, INC. ("Plaintiff") as follows:

1.   As to allegation of the first paragraph under "NATURE OF ACTION" Defendants Admit that Plaintiff is an automobile dealership that does business as Downey Huyndai.

2.   As to allegation of the first paragraph under "NATURE OF ACTION" Defendants Admit that Defendant Mustafa Amin was an employee of Plaintiff. Defendants deny any wrongdoing while employed by Downey.

3.   As to allegation of the second paragraph under "NATURE OF ACTION" Defendants deny that during his employment Mustafa conspired with others to inflate the purchase price of the cars purchased.

4.  As to allegation of the third paragraph under "NATURE OF ACTION" Defendants deny that Mustafa employed a scheme with others to defraud Plaintiff.

5.  As to allegation of the remaining paragraphs under "NATURE OF ACTION" Defendant deny that Defendants deny that Defendants were involved in any conspiracy to defraud J Star and others. Defendants deny that Plaintiff was defrauded in purchasing the 239 used vehicles identified as Attachment 1.

6.  Defendants admit the allegation of paragraph 4, 6, and 10 of the Complaint.

7.  Defendants deny the allegation of paragraph 7, and 19-82 of the Complaint.

8.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraphs 1,2, 3, 5, 7-9, 11-16, and18 of the Complaint and therefore deny the claim.

## AFFIRMATIVE DEFENSES

Defendants are informed and believe and based thereon alleges as follows:

### First Affirmative Defense

1.   As and for the first, separate and distinct affirmative defense, Defendants allege that the Complaint fails to state facts sufficient to constitute any cause of action upon which relief can be granted.

### Second Affirmative Defense

2.   As and for the second, separate and distinct affirmative defense, Defendants allege that Plaintiff lacks standing to assert one or more of the claims alleged in the Complaint.

### Third Affirmative Defense

3.   As and for the third, separate and distinct affirmative defense, Defendants deny that they did not breach any legal, contractual, or fiduciary duty, if any, to Plaintiff that would support any claim for relief.

### Fourth Affirmative Defense

4.   As and for the fourth, separate and distinct affirmative defense,

Defendants allege that Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### Fifth Affirmative Defense

5.     As and for the fifth, separate and distinct affirmative defense, Defendants allege that Plaintiff's claims are barred by the doctrine of unclean hands as a result of Plaintiff's own inequitable conduct.

### Sixth Affirmative Defense

6.     As and for the sixth, separate and distinct affirmative defense, Defendants allege that Plaintiff waived her rights, if any, to assert the claims alleged in the Complaint.

### Seventh Affirmative Defense

7.     As and for the seventh, separate and distinct affirmative defense, Defendants allege that Plaintiff is estopped from pursuing its claims due to its own prior conduct and representations.

### Eighth Affirmative Defense

8.     As and for the eighth, separate and distinct affirmative defense, Defendants allege that Plaintiff expressly or impliedly consented to the conduct that is the subject of the Complaint.

### Ninth Affirmative Defense

9.     As and for the ninth, separate and distinct affirmative defense, Defendants allege that Plaintiff failed to mitigate its alleged damages and is therefore not entitled to full recovery, if any.

### Tenth Affirmative Defense

10.     As and for the tenth, separate and distinct affirmative defense, Defendants allege that any alleged injuries or damages were the result of Plaintiff's own acts, omissions, or negligence.

### Eleventh Affirmative Defense

11.     As and for the eleventh, separate and distinct affirmative defense,

Defendants allege that Plaintiff's claims are barred by the equitable doctrine of laches.

### Twelfth Affirmative Defense

12.    As and for the twelfth, separate and distinct affirmative defense, Defendants allege that all actions taken were justified, lawful, and undertaken in good faith.

### Thirteenth Affirmative Defense

13.    As and for the thirteenth, separate and distinct affirmative defense, Defendants allege that no employment relationship existed between Plaintiff and one or more of the Defendants.

### Fourteenth Affirmative Defense

14.    As and for the fourteenth, separate and distinct affirmative defense, Defendants allege that Plaintiff suffered no actual damages, and any alleged harm is speculative or not proximately caused by Defendants.

### Fifteenth Affirmative Defense

15.    As and for the fifteenth, separate and distinct affirmative defense, Defendants allege that Plaintiff failed to exhaust required administrative remedies prior to filing suit.

### Sixteenth Affirmative Defense

16.    As and for the sixteenth, separate and distinct affirmative defense, Defendants allege that Plaintiff's claims are barred because any allegedly adverse employment actions were based on legitimate, non-discriminatory business reasons.

### Seventeenth Affirmative Defense

17.    As and for the seventeenth, separate and distinct affirmative defense, Defendants allege that Plaintiff's recovery, if any, must be reduced or barred by its comparative or contributory fault.

### Eighteenth Affirmative Defense

18.    As and for the eighteenth, separate and distinct affirmative defense,

Defendants allege that after-acquired evidence would have justified any alleged employment action taken.

## Nineteenth Affirmative Defense

19.    As and for the nineteenth, separate and distinct affirmative defense, Defendants allege that Plaintiff's damages, if any, are limited by applicable caps on liability and recovery under statute and common law.

## Twentieth Affirmative Defense

20.    As and for the twentieth, separate and distinct affirmative defense, Defendants allege that Plaintiff is not entitled to punitive damages due to lack of factual or legal basis under governing law.

## Twenty-first Affirmative Defense

21.    As and for the twenty-first, separate and distinct affirmative defense, Defendants allege that Plaintiff's claims are barred by accord and satisfaction and/or full or partial payment.

## Twenty-second Affirmative Defense

22.    As and for the twenty-second, separate and distinct affirmative defense, Defendants allege that they are protected under the business judgment rule for all decisions taken in their corporate capacity.

## Twenty-third Affirmative Defense

23.    As and for the twenty-third, separate and distinct affirmative defense, Defendants allege that all actions taken by them were consistent with customary practices and reasonable standards of care in the industry.

## Twenty-fourth Affirmative Defense

24.    As and for the twenty-fourth, separate and distinct affirmative defense, Defendants allege that federal law preempts one or more of Plaintiff's claims, barring recovery.

## Twenty-fifth Affirmative Defense

25.    As and for the twenty-fifth, separate and distinct affirmative defense,

Defendants allege that Plaintiff's conduct breached the implied covenant of good faith and fair dealing.

### Twenty-sixth Affirmative Defense

26. As and for the twenty-sixth, separate and distinct affirmative defense, Defendants allege that Plaintiff's claims are barred by judicial estoppel based on positions previously taken under oath or in other proceedings.

### Twenty-seventh Affirmative Defense

27. As and for the twenty-seventh, separate and distinct affirmative defense, Defendants allege that the doctrine of offset and recoupment limits or negates Plaintiff's right to recovery.

### Twenty-eighth Affirmative Defense

28. As and for the twenty-eighth, separate and distinct affirmative defense, Defendants allege that Plaintiff's claims are barred to the extent they seek double recovery for the same alleged injury.

### Twenty-ninth Affirmative Defense

29. As and for the twenty-ninth, separate and distinct affirmative defense, Defendants allege that any contractual claims are barred by the parole evidence rule.

### Thirtieth Affirmative Defense

30. As and for the thirtieth, separate and distinct affirmative defense, Defendants allege that any recovery must be limited to damages that were foreseeable at the time of any alleged agreement or act.

### Thirty-first Affirmative Defense

31. As and for the thirty-first, separate and distinct affirmative defense, Defendants allege that Plaintiff is barred from recovery by the independent contractor doctrine, if applicable.

### Thirty-second Affirmative Defense

32. As and for the thirty-second, separate and distinct affirmative defense, Defendants allege that any claims based on oral promises are barred by the statute

of frauds.

### Thirty-third Affirmative Defense

33.    As and for the thirty-third, separate and distinct affirmative defense, Defendants allege that any reliance by Plaintiff was unreasonable and not justified as a matter of law.

### Thirty-fourth Affirmative Defense

34.    As and for the thirty-fourth, separate and distinct affirmative defense, Defendants allege that Plaintiff's claims are barred or reduced under the "avoidable consequences" doctrine.

### Thirty-fifth Affirmative Defense

35.    As and for the thirty-fifth, separate and distinct affirmative defense, Defendants allege that they do not have sufficient knowledge or information upon which to form a belief as to whether additional, as yet unasserted, affirmative defenses may be available to them. Defendants reserve the right to assert additional defenses.


WHEREFORE, this Answering Defendants prays for judgment as follows:

1.    That Plaintiff takes nothing by its Complaint;

2.    That judgment is entered in favor of Defendants and against Plaintiff;

3.    For reasonable attorney's fees;

4.    For cost of suit incurred herein; and

5.    For such other and further relief as the Court may deem just and proper.

### *Respectfully Submitted,*

Dated: September 19, 2025            By: _____*/S/ BRAD A. MOKRI*_____.
_____            Brad A. Mokri, Esq.
                        Attorney for Defendants,
                         MUSTAFA AMIN, JUNAID AMIN,
                        and  4X4 MOTORS, INC.

**PROOF OF SERVICE**

       I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 19200 Von Karman Ave., Suite 600, Irvine, California 92612; My electronic service address is gmokri@mokrilaw.com.

       On September 19, 2025, I served the foregoing document(s) described as **DEFENDANTS MUSTAFA AMIN, JUNAID AMIN, AND 4X4 MOTORS, INC.'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT** on the interested parties in this action by placing a true **(x) copy (   ) original** thereof enclosed in a sealed envelope addressed as follows:

**PLEASE SEE ATTACHED FOR SERVICE LIST**

_____   **BY U.S. MAIL**

_____   **BY OVERNITE EXPRESS**

_____   **ELECTRONIC MAIL TRANSMISSION**- I caused the document to be send to the persons the e-mail address(es) listed on the service list.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication what the transmission was unsuccessful.  Based on court order or an agreement between all Parties to accept service via E-mail, a pdf copy of which was sent via email.

_____   I deposited such envelope(s), with postage thereon fully prepaid in the mail.

_____   I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it is deposited with the U.S. Postal Services on that same day with postage thereon fully prepaid, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal collection date or postage meter date is more than one day after date of deposit for mailing in affidavit.

  √   **BY ELECTRONIC SERVICE TRANSMISSION** *(VIA CM/ECF)*- I am familiar with the United States District Court /Central District of California's practice for collecting and processing electronic filings.  Under that practice, documents are electronically filed with the court.  The Court's **CM/ECF** system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned Judge, and any registered users in the case.  The NEF will constitute service of the document.  Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.  Under said practice , the following CM/ECF users were served.

_____   **BY ELECTRONIC SERVICE VIA E-FILING WEBSITE:** A true and correct copy of the above-referenced document(s) was electronically served on counsel of record by means of uploading the document to One Legal Court Filing website portal in accordance with the Court's Order.

_____   **BY PERSONAL SERVICE** - I delivered such envelope(s), by hand to the offices of the addressee(s).

_____   **BY FACSIMILE** - I caused such copy to be facsimiled to the person(s) set forth above.  The facsimile machine I used complied with California Rules of Court, Rule 2003 and no error was reported by the machine.  Pursuant to California Rules of Court, 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

_____   **(State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  √   **(Federal)** I declare that I am employed in the office of a member of the bar of this court at Whose Direction the services is made.

Executed on: September 19, 2025, at Irvine, California.

                                  */S/ Gissou Mokri*      .
                                    Gissou Mokri

## CERTIFICATE OF SERVICE LIST

| | |
|---|---|
| **Attorneys for Plaintiff:**<br>**Downey Hyundai, Inc.**<br><br>Joseph M. Preis, Esq.<br>Joshua R. Mino, Esq.<br>Farouk G. Mansour, Esq.<br>GODES & PREIS, LLP<br>300 Spectrum Center Drive, Suite 1420<br>Irvine, California 92618<br>Telephone: 949 468 0051<br>Fascimile: 949 872 2281 | **Firm Emails:**<br><br>Joseph M. Preis, Esq.<br>jpreis@gaplegal.com<br><br>Joshua R. Mino, Esq.<br>jmino@gaplegal.com<br><br>Farouk G. Mansour, Esq.<br>*fmansour@gaplegal.com*<br><br>Danielle Frederick<br>*DFrederick@gaplegal.com* |
| **Attorneys for Defendants:**<br>**Oremor of Riverside dba BMW of Riverside, LLC and**<br>**Harvey M. Harper Co.**<br><br>Gary H. Prudian, Esq.<br>Brittany B. Genthert, Esq.<br>MANNING, LEAVER, BRUDER,<br>& BERBERICH, LLP<br>801 S. Figueroa Street, Suite 1150<br>Los Angeles, CA 90017<br>Tel: (323) 937-4730<br>Fax: (323) 937-6727 | **Firm Emails:**<br><br>Gary H. Prudian, Esq.<br>gprudian@manningleaver.com<br><br>Kimberly L. Phan, Esq.<br>Kimberly.phan@squirepb.com |
| **Attorneys for Smart Motive Inc.**<br>Haroon Manjlai, Esq.<br>KHAN & MANJLAI, LLP<br>9431 Haven Ave, Suite 100<br>Rancho Cucamonga, CA 91730<br>Tel: (626) 262-4012 | **Firm Emails:**<br><br>Haroon Manjlai, Esq.<br>**hm@manjlailaw.com** |
| **Attorneys for DWWCT LLC dba CLAREMONT**<br>**TOYOTA, erroneously sued herein as WILSON**<br>**AUTOMOTIVE GROUP d/b/a/ CLAREMONT TOYOTA,**<br>David T. Ward, Esq.<br>HALLSTROM, KLEIN & WARD, LLP<br>15615 Alton Pkwy., Suite 175, Irvine,<br>California 92618<br>Tel: (949) 450-8500 | **Firm Emails:**<br>David T, Ward, Esq.<br>David@dtwlawoffice.com<br>michelle@dtwlawoffice.com; |
| **Attorneys for Defendant JACKSON's MOTORS, INC.**<br>Marcus G. Larson, Esq.<br>GRANT, GENOVESE & BARATTA, LLP<br>2030 Main Street, Suite 600<br>Irvine, Ca. 92614<br>**Tel: (949) 660-1600 Fax: (949) 6606060**<br>**Email: mgl@ggb-law.com; mrc@ggb law.com; jvp@ggb-**<br>**law.com** | **Email:**<br>**mgl@ggb-law.com**<br>**mrc@ggb law.com**<br>**jvp@ggb-law.com** |

---

**DEFENDANTS MUSTAFA AMIN, JUNAID AMIN, AND 4X4 MOTORS, INC.'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**
**- 10 -**